IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLEMMIE WILLIAMS, JR.                      :
                                           :
                        Plaintiff          :
                                           :
            VS.                            :
                                           :
GDOC Comm'r JAMES E. DONALD,               :
GDOC Computations Manager SUSAN            :      NO. 5:06-CV-348 (DF)
ROBERSON, Judge PHILLIP R. WEST,           :
Judge H. GIBBS FLANDERS, Assistant         :      **PROCEEDINGS UNDER 42 U.S.C. §1983**
District Attorney ROBIN DUNAWAY, and       :      **BEFORE THE U. S. MAGISTRATE JUDGE**
Retired Probation Officer DENNIS COOK,     :
                                           :
                        Defendants         :      **ORDER AND RECOMMENDATION**
_____

Plaintiff **CLEMMIE WILLIAMS, JR.**, a former Georgia state prisoner, has filed a *pro se*

civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without

prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based

on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.

Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the

initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

*I.  STANDARD OF REVIEW*

*A.  28 U.S.C. § 1915A*

Notwithstanding that plaintiff has been released from custody, the Court must conduct a 28

U.S.C. § 1915A frivolity determination.  Under section 1915A, this Court is required to dismiss this

case if it finds that the action: "(1) is frivolous, malicious, or fails to state a claim on which relief

may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief."

Dockets.Justia.com

28 U.S.C. § 1915A(b)(1).  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

To prevail on a section 1983 claim, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff, a former inmate in the Georgia prison system, alleges that he was held in prison beyond his release date in violation of his due process rights.  Plaintiff's facts are confusing and plaintiff has submitted numerous exhibits.  As best the Court can determine, plaintiff appears to allege the following:

On October 4, 1999, plaintiff entered a plea of guilty in the Superior Court of Bibb County to the offenses of felony obstruction of a law enforcement officer (count 3), misdemeanor simple battery (count 4), misdemeanor battery family violence (count 5), and misdemeanor possession of marijuana (count 6). (Plaintiff's Exhibit 10, pp. 15-18). Judge Walker H. Johnson (not named as a defendant) sentenced plaintiff to three years on count 3, 12 months consecutive on count 4, 12 months consecutive on count 5, and 12 months concurrent on count 6, all probated. (Id.)

While plaintiff was on probation, defendant Robin Flanders (now apparently Dunaway), a Bibb County Assistant District Attorney, filed a probation revocation petition, charging plaintiff with theft by receiving and consumption of alcohol. (Plaintiff's Exhibit 9, p. 12) In an order dated February 1, 2001, Judge Lamar Sizemore (not named as a defendant) found plaintiff "guilty of theft of corbels," and revoked plaintiff's probation to a probation detention center for a period of 365 days. (Id.) In addition, plaintiff's former probation officer, defendant Dennis Cook, gave plaintiff a copy of certain conditions Judge Sizemore imposed on plaintiff's probation, including that plaintiff was to "obey any and all rules, regulations, and polices which are in effect at the Detention Center."

During plaintiff's confinement at the Treutlen Detention Center, plaintiff's probation officer, Robert Parsons (not named as a defendant), charged plaintiff with, among other charges, failure to follow rules and insubordination. On June 4, 2001, defendant Judge H. Gibbs Flanders revoked the remainder of plaintiff's probation. (Plaintiff's Exhibit 9, pp. 13-15)

While confined at Wheeler Correctional Facility in 2002, plaintiff filed a state habeas corpus petition in the Superior Court of Wheeler County. Judge Phillip R. West denied habeas corpus relief on September 27, 2002. In this action, plaintiff Williams complained that too much time was revoked at plaintiff's June, 2001 revocation hearing and that Judge Flanders had no jurisdiction to revoke plaintiff's probation.

3

Plaintiff alleges that in 2002, he both wrote, and had a counselor contact on his behalf, defendant Susan Roberson, the Manager of Computation and Inmate Affairs for the Georgia Department of Corrections ("GDOC"). Roberson advised plaintiff that "there was no error in the computation of [plaintiff's] sentence." On April 29, 2004, plaintiff sent a certified letter to defendant James Donald, GDOC Commissioner, complaining that he was being kept in prison beyond his original sentence. Plaintiff was ultimately released from state prison on October 4, 2004.

Plaintiff asks for damages for his "false imprisonment" and "pain and suffering" against the following defendants: (1) Assistant District Attorney Robin Dunaway; (2) Judge H. Gibbs Flanders; (3) Judge Phillip R. West; (4) retired probation officer Dennis Cook; (5) Commissioner James E. Donald; and (6) Manager Susan Roberson.

## III.  DISCUSSION

### A.  Assistant District Attorney Robin Dunaway

Although plaintiff makes no specific allegations against defendant Dunaway (formerly Flanders), presumably he sues her for her role in plaintiff's February, 2001 probation revocation hearing. She is an Assistant District Attorney in the Superior Court of Bibb County.

It is well-established that prosecutors are absolutely immune from liability when engaged in initiating a prosecution or presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity is essential so that prosecutors can perform their duties without harassment or intimidation. *Id.* at 424-25. This immunity includes conduct surrounding probation revocation hearings. *Hamilton v. Daley*, 777 F.2d 1202, 1213 (7 Cir.1985) (holding that prosecutors are absolutely immune for initiating probation revocation proceeding). Because plaintiff appears to complain of Dunaway's petition for revocation of his probation, ADA Dunaway is entitled to absolute immunity.

Accordingly, it is **RECOMMENDED** that Assistant District Attorney **ROBIN DUNAWAY** be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served a copy of this order.

### B. Judges H. Gibbs Flanders and Phillip R. West

Plaintiff raises no allegations against either Judge Flanders or Judge West but apparently seeks to sue Judge Flanders for issuing the order revoking the balance of his probation in June, 2001, and Judge West for denying his state habeas corpus petition in October, 2002.

The doctrine of absolute immunity also applies to plaintiff's claims against the defendant judges. "Judges are absolutely immune from civil liability under § 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). Issuing orders such as those in the present case is a typical judicial function, and there is no indication that either judge lacked jurisdiction. Judges Flanders and West, therefore, have absolute immunity from liability to plaintiff for damages under section 1983.

Accordingly, it is **RECOMMENDED** that plaintiff's claims against **JUDGES H. GIBBS FLANDERS** and **PHILLIP R. WEST** be **DISMISSED** and that they be terminated as defendants herein. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served a copy of this order.

*C. Probation Officer Dennis Cook*

There are likewise no allegations raised against Probation Officer Dennis Cook. The only mention of Cook in plaintiff's filings is that Cook provided plaintiff with a copy of Judge Sizemore's special conditions. On its face, this is insufficient to state a claim. Consequently, Cook must be **DISMISSED** from this action. It is so **RECOMMENDED.**

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served a copy of this order.

*D. GDOC Commissioner James Donald and Computation Manager Susan Roberson*

Although the Court has significant concerns about the validity of plaintiff's claims against the GDOC defendants, the Court will allow this case to go forward against them.[1]

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants **COMMISSIONER JAMES DONALD** and **COMPUTATIONS MANAGER SUSAN ROBERSON**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

---

[1] The Court notes that plaintiff was well aware of the alleged constitutional violations in this case more than two years prior to plaintiff's filing of this lawsuit on October 2, 2006. However, under the "continuing violation" doctrine, plaintiff's stated cause of action for false imprisonment may not have accrued until he was released from prison on October 4, 2004. *See Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds*, 422 U.S. 563 (1975) (holding that claim for false imprisonment was continuing violation and thus not barred by statute of limitations).

It is further possible that plaintiff's lawsuit is barred by the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). There is a split in the Circuits as to whether *Heck* applies to former prisoners and the Eleventh Circuit has failed to decide this issue. *See Vickers v. Donahue*, 137 Fed. Appx. 285 (11th Cir. 2005).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞    After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED**, this 7th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

---

# NOTICE TO ALL PARTIES

---

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.