# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CLEMMIE WILLIAMS, JR.,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 5:06-cv-348 |
| **JAMES E. DONALD, et al.,** : | |
| Defendants. : | |

# ORDER

Before the Court are a Recommendation (Doc. 5) of the United States Magistrate Judge filed November 7, 2006, and a Motion to Dismiss (Doc. 13) filed by Defendants James E. Donald ("Donald") and Susan Roberson ("Roberson"). For the reasons set forth below, the Recommendation is accepted and made the Order of the Court, and the Motion to Dismiss is granted.

**I. BACKGROUND**

Plaintiff Clemmie Williams, Jr. ("Williams"), a former Georgia state prisoner, filed the present *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Williams alleges that he was held in prison beyond his release date in violation of his due process rights due to a conspiracy involving various state judges, members of the Georgia Department of Corrections ("GDOC"), an assistant district attorney and a probation officer. The Complaint (Doc. 1) was referred to a United States Magistrate Judge who conducted a frivolity review

1

pursuant to 28 U.S.C. § 1915A and issued a Recommendation that four Defendants be dismissed and that the case be allowed to proceed against the two remaining Defendants. Those Defendants, Donald and Roberson, subsequently filed a Motion to Dismiss.

## II. ANALYSIS

### A. Recommendation and Objections

#### 1. Timeliness

After the United States Magistrate Judge issued his Recommendation, Williams had ten days to file objections. Williams filed not only Objections (Docs. 8, 9, 10, 11)[1] but also a "Plaintiff Request for an out-of-time Objection" (Doc. 7). However, because Williams' Objections were, in fact, timely,[2] his Motion (Doc. 7) is denied as moot.

#### 2. Substantive Issues

The Court has read and considered the Recommendation filed by the United States Magistrate Judge, wherein he recommends that four Defendants be dismissed: Assistant District Attorney Robin Dunaway ("ADA Dunaway"), Judge H. Gibbs Flanders ("Judge Flanders"), Judge Phillip R. West ("Judge West") and Probation Officer Dennis

---

[1] As opposed to filing one objection encompassing his arguments about why the four Defendants should not be dismissed from his case, Williams filed a separate objection for each Defendant. While somewhat unorthodox, the Court finds nothing wrong with Williams' approach.

[2] The Recommendation in this case was filed on November 7, 2006, and served on Williams on November 8, 2006. Once intermediate Saturdays, Sundays and legal holidays are excluded from the calculation, pursuant to Federal Rule of Civil Procedure 6(a), Williams had until November 24, 2006 to file Objections. However, pursuant to Federal Rule of Civil Procedure 6(e), three days are added after the prescribed period otherwise would have expired, giving Williams until November 27, 2006, to act. Williams filed his Objections on November 27, 2006. Thus, they were timely.

Cook ("Cook"). The Court has also read and considered all four Objections filed by Williams, wherein he opposes the recommended dismissals. Williams' Objections regarding ADA Dunaway,[3] Judge West[4] and Cook[5] offer no new argument and are found to be entirely without merit. Williams' Objection regarding Judge Flanders, however, raises one issue that the Court must address.

As correctly noted by the United States Magistrate Judge, "[j]udges are absolutely immune from civil liability under § 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (citation and quotation omitted). While Williams' Complaint did not question Judge Flanders' jurisdiction, his Objection does.

The Supreme Court of the United States has held that

> the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had

---

[3] Williams' Objection includes specific allegations against ADA Dunaway, something his Complaint failed to do. However, those same allegations merely clarify that Williams is upset with the manner by which ADA Dunaway handled his probation revocation. As previously stated by the United States Magistrate Judge, ADA Dunaway is entitled to absolute immunity when engaged in initiating a prosecution or presenting the state's case, and Williams has only confirmed in his Objection that ADA Dunaway's complained-of actions fall under this protective umbrella. Williams fails to address the issue of prosecutorial immunity at all.

[4] Williams' Objection also included specific allegations against Judge West that were not made in his Complaint. These allegations make it clear Williams was unhappy with both the length of time it took Judge West to render his decision as well as the decision itself. However, the very things for which Williams wishes to sue Judge West, acts performed in Judge West's judicial capacity, are protected by Judge West's absolute immunity from civil liability under § 1983. Williams fails to address the issue of judicial immunity at all.

[5] Williams failed to state a claim against Cook in his Complaint; his Objection fails to state a claim as well.

> jurisdiction over the subject matter before him. Because some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citations and quotations omitted).

Here, Williams has challenged whether Judge Flanders had jurisdiction to revoke his probation. According to Williams, Judge Flanders, a Superior Court Judge in the Dublin Judicial Circuit, lacked jurisdiction to revoke Williams' probation since Williams was originally convicted and sentenced in the Macon Judicial Circuit. Williams is incorrect. Because Williams was under supervision in a judicial circuit other than that of his conviction, he was properly returned to a court of equivalent original criminal jurisdiction within the county wherein he was residing for the purposes of supervision.[6] See O.C.G.A. § 42-8-38(a) (Michie 1997). It is therefore abundantly clear that Judge Flanders had jurisdiction to revoke Williams' probation. Williams' Objection is found to be without merit. Accordingly, the Recommendation (Doc. 5) of the United States Magistrate Judge filed November 7, 2006 is hereby accepted and made the Order of the Court. ADA Dunaway, Judge West, Judge Flanders and Cook are all dismissed from this action.

---

[6] Williams pled guilty in the Macon Judicial Circuit and his sentence was probated. While on probation, Williams was involved in a theft which resulted in a partial revocation of probation and assignment to a probation detention center in Treutlen County, which is in the Dublin Judicial Circuit. During his confinement at the Treutlen County Detention Center, Williams violated the terms of his probation and was brought before Judge Flanders, who revoked the remainder of Williams' probation.

## B. Motion to Dismiss

Section 1983 is designed to address deprivations of rights that are accomplished under the color of the law of "any State or Territory." 42 U.S.C. § 1983 (2003). Therefore, in order to maintain a claim under § 1983, a plaintiff must establish both a violation of a right secured by the Constitution or laws of the United States and that the defendant who committed said deprivation was acting under color of state law. However, the Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

A Circuit split exists regarding whether a former prisoner, who is thus not in custody for federal habeas purposes, may be allowed to attack his conviction or sentence through § 1983. The First, Third, Fifth and Sixth Circuits have held such a non-prisoner plaintiff may not attack a conviction in a § 1983 claim, and the Fourth and Eleventh Circuits have indicated in unpublished opinions they would be likely to render the same holding. See Gilles v. Davis, 427 F.3d 197, 209-10 (3d Cir. 2005); Vickers v. Donahue, 137 Fed. Appx. 285, 289-90 (11th Cir. 2005); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Huey v. Stine, 230 F.3d 226, 229-30 (6th Cir. 2000), *overruled on other grounds by* Muhammad

5

v. Close, 540 U.S. 749 (2004); Gibbs v. S.C. Dep't of Prob. Parole, & Pardon Servs., No. 97-7741, 1999 WL 9941, at *2 (4th Cir. 1999) (unpublished table decision); Figueroa v. Rivera, 147 F.3d 77, 81 n.3 (1st Cir. 1997). However, the Second and Ninth Circuits have held that Heck only applies to plaintiffs whose confinement can be challenged in post conviction proceedings. See Nonette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002); Jenkins v. Haubert, 179 F.3d 19, 27 (2d Cir. 1999); see also DeWalt v. Carter, 224 F.3d 607, 616-17 (7th Cir. 2000) (examining Jenkins and indicating support for the Second Circuit's analysis without expressly adopting its holding).

Having considered these opposite positions, the Court finds Heck bars Williams' suit for two reasons. First, the Court is mindful of the Supreme Court's admonition that "[i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [a lower federal court] should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477, 484 (1989). Second, the Court cannot help but conclude that a judgment in Williams' favor would necessarily imply the invalidity of his sentence—the very outcome Heck seeks to bar. As Donald and Roberson argue, Williams' § 1983 lawsuit specifically challenges the validity of his sentence, but Williams' sentence has not been invalidated.[7] Fundamentally, Williams

---

[7] Donald and Roberson's Motion to Dismiss mounts a number of additional challenges to Williams' lawsuit. However, since the Court finds their challenge pursuant to Heck dispositive, it need not discuss their other arguments.

seeks to recover monetary damages for allegedly unconstitutional imprisonment, but the sentence about which he complains was never reversed, expunged, declared invalid or called into question. Indeed, the sentence was upheld in a state habeas proceeding. Accordingly, Williams' claim is not cognizable under § 1983.

### III. CONCLUSION

The Recommendation (Doc. 5) of the United States Magistrate Judge filed November 7, 2006, is hereby accepted and made the Order of the Court. The Motion to Dismiss (Doc. 13) is granted.

**SO ORDERED**, this 14th day of August, 2007.

>                *s/   Hugh Lawson*
>               **HUGH LAWSON, JUDGE**

pdl